**USDC SDNY**
**DOCUMENT**
**ELECTRONICALLY FILED**
**DOC #:**_____
**DATE FILED:** 7/17/2019

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

SECURITIES AND EXCHANGE COMMISSION,

               Plaintiff,

-- against --

AR CAPITAL, LLC, NICHOLAS S. SCHORSCH, and BRIAN S. BLOCK,

               Defendants.

$\underline{19}$ Civ. $\underline{6603}$ (AT)

ECF Case

---

## FINAL JUDGMENT AS TO DEFENDANT NICHOLAS S. SCHORSCH

The Securities and Exchange Commission ("Commission") having filed a Complaint and

Defendant Nicholas S. Schorsch ("Defendant") having entered a general appearance; consented

to the Court's jurisdiction over Defendant and the subject matter of this action; consented to

entry of this Final Judgment without admitting or denying the allegations of the Complaint

(except as to jurisdiction and except as otherwise provided herein in paragraph V); waived

findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

**I.**

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant

is permanently restrained and enjoined from violating Section 17(a)(2) and (a)(3) of the

Securities Act of 1933 (the "Securities Act") [15 U.S.C. § 77q(a)(2) and (a)(3)] in the offer or

sale of any security by the use of any means or instruments of transportation or communication

in interstate commerce or by use of the mails, directly or indirectly:

(a)    to obtain money or property by means of any untrue statement of a material fact

        or any omission of a material fact necessary in order to make the statements

made, in light of the circumstances under which they were made, not misleading; or

(b)     to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

## II.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from violating Rule 13b2-1 promulgated under the Exchange Act [17 C.F.R. § 240.13b2-1], by directly or indirectly falsifying or causing to be falsified any book, record or account subject to Section 13(b)(2)(A) of the Exchange Act [15 U.S.C. § 78m(b)(2)(A)].

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

## III.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is liable for disgorgement consisting of (i) 1,542,851 operating partnership units of VEREIT

Operating Partnership, L.P. ("OP Units") and (ii) $6,316,291, representing profits gained as a result of conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $581,931. Defendant's liability of (i) 1,542,851 OP Units and (ii) $6,898,222 is on a joint and several basis with Defendant AR Capital, LLC ("AR Capital"), which is ordered to disgorge (i) 2,922,445 OP Units and (ii) $12,313,856 in a final judgment filed concurrently with this Final Judgment.

If AR Capital, LLC does not satisfy the joint-and-several obligation or any portion thereof, Defendant Schorsch shall satisfy his disgorgement and prejudgment interest obligations within 30 days of notice from the Commission of AR Capital's default, by surrendering and returning any remaining number of OP Units to VEREIT, Inc. for cancellation and by paying any unpaid cash disgorgement and prejudgment interest amount to the Securities and Exchange Commission. Defendant shall simultaneously transmit photocopies of evidence of the surrender and return of OP Units and/or payment of cash disgorgement and prejudgment interest along with case identifying information to the Commission's counsel in this action. By making any payment of cash disgorgement and prejudgment interest and/or the surrender and return such OP Units, Defendant relinquishes all legal and equitable right, title, and interest in such funds and OP Units and no part of said funds and OP Units shall be returned to Defendant.

The Commission may enforce the Court's judgment for disgorgement of the OP Units under this paragraph III by moving for civil contempt (and/or through other collection procedures authorized by law) at any time after 30 days following notice to Defendant of AR Capital, LLC's default. Defendant shall pay post judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961.

3

**IV.**

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is liable, individually, for a civil penalty in the amount of $7,000,000 pursuant to Section 20(d)(2) of the Securities Act [15 U.S.C. § 77t(d)(2)] and Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)(3)]. Defendant shall satisfy this obligation by paying $7,000,000 to the Securities and Exchange Commission within 14 days after entry of this Final Judgment.

Defendant may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request. Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm. Defendant may also pay by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to

> Enterprise Services Center
> Accounts Receivable Branch
> 6500 South MacArthur Boulevard
> Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; Nicholas S. Schorsch as a defendant in this action; and specifying that payment is made pursuant to this Final Judgment.

Defendant shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this action. By making this payment, Defendant relinquishes all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Defendant.

The Commission may enforce the Court's judgment for penalty by moving for civil contempt (and/or through other collection procedures authorized by law) at any time after 14 days following entry of this Final Judgment. Defendant shall pay post judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961.

The Commission shall hold funds paid to it pursuant to this Final Judgment, together with any interest and income earned thereon (collectively, the "Fund"), pending further order of the Court. The Commission may propose a plan to distribute the Fund subject to the Court's approval. Such a plan may provide that the Fund shall be distributed pursuant to the Fair Fund provisions of Section 308(a) of the Sarbanes-Oxley Act of 2002. The Court shall retain jurisdiction over the administration of any distribution of the Fund. If the Commission staff determines that the Fund will not be distributed, the Commission shall send the funds paid to it pursuant to this Final Judgment to the United States Treasury.

## V.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, solely for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. § 523, the allegations in the complaint are true and admitted by Defendant, and further, any debt for disgorgement, prejudgment interest, civil penalty or other amounts due by Defendant under this Final Judgment or any other judgment, order, consent order, decree or settlement agreement entered in connection with this proceeding, is a debt for the violation by Defendant of the federal securities laws or any regulation or order issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. § 523(a)(19).

## VI.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent is

incorporated herein with the same force and effect as if fully set forth herein, and that Defendant

shall comply with all of the undertakings and agreements set forth therein.

## VII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain

jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

## VIII.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil

Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

SO ORDERED.

Dated: July 17, 2019
New York, New York

ANALISA TORRES
United States District Judge

6